804CV201

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
04 APR 27 PM 2: 52
GARY D. McFARLAND
CLERK

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

  -against-

STERLING/CARL MARKS
CAPITAL, INC.,

        Defendant.
-------------------------------x

CV-04 0937

COMPLAINT

Civil Action No.

SPATT, J.

SPATT, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 0 4 2004
BROOKLYN OFFICE

    COMES NOW, plaintiff, United States of America, on behalf of its Agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

    1. This is a civil action brought by the United States of America on behalf of its agency, the Small Business Administration (hereinafter, "SBA" or "Agency"), whose central office is located at 409 3rd Street, S.W., Washington, D.C. 20416.

    2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended, (hereinafter "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687, 687c and 687(h); the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

    3. The defendant, Sterling/Carl Marks Capital, Inc. ("Sterling" or "licensee") is a New York corporation whose principal place of business is located at 175 Great Neck Road,

Great Neck, New York. Venue is therefore proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

4. The plaintiff, the Small Business Administration (hereinafter "SBA") is an Agency of the United States of America with its central office located at 409 Third Street, S.W., Washington, D.C., 20416.

## STATEMENT OF FACTS AND APPLICABLE LAW

5. Defendant, Sterling, was licensed by SBA as a small business investment company ("SBIC") on October 3, 1988, SBA License No. 02/02-0517 under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the aforesaid Act and the regulations promulgated thereunder.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), authorizes SBA to prescribe regulations to govern the operations of SBICs under the Act and to carry out the provisions of the Act. The SBA has duly promulgated regulations implementing the Act which are codified at Title 13 of the Code of Federal Regulations, Part 107 (2002) (hereinafter "Regulations").

7. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

9. Section 311 of the Act 15 U.S.C. § 687c, provides that whenever in the judgment of SBA, a Licensee, or any other person,

has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for any injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

10. As of March 1, 2002, the Licensee was indebted to SBA in the amount of $26,218,890.84, ("the Indebtedness") which consisted of principal and interest on six SBA guaranteed debentures.

11. Because of a violation of the Regulations by the Licensee, SBA accelerated Licensee's indebtedness to SBA. SBA and Licensee agreed to enter into a Loan Agreement effective May 1, 2002. The Agreement provided that Licensee would liquidate its portfolio assets in order to pay its Indebtedness to SBA. SBA agreed to restructure the Indebtedness pursuant to the terms of the Loan Agreement. The Loan Agreement is part of the Loan Documents which consist of the Loan Agreement, the Secured Note, the Security Agreement, the Guaranty, the Stipulated Settlement, and the Consent Order and Judgment. A copy of the Loan Documents are attached hereto as Exhibit 1 and incorporated herein by reference.

12. The Loan Agreement provided that the Indebtedness was to be evidenced by a secured note, effective May 1, 2002, duly executed on behalf of Licensee, payable to SBA in the principal amount of $26,553,848.55 and having a term of 60 months. As part of the Loan Agreement, the assets of Licensee are pledged to SBA pursuant to a Security Agreement. The Note is also secured by the guaranty of Robert Davidoff, in the amount of $2,500,000 ("Guaranty"). If, however, SBA moved to place Licensee in a receivership due to a material adverse change in its net worth, pursuant to paragraph 12(e) of the Loan Agreement within 18 months from the effective date of the loan agreement and SBA places Licensee in a receivership as a result thereof, then said Guaranty would be reduced to $1,500,000. The parties executed that note. The Loan Agreement allowed Sterling to accrue the interest for the first year of the note and required that at the end of the first year, a new Secured Note for a term of 48 months will be executed based on the then outstanding principal balance and the capitalized first year's interest. That Secured Note was executed effective May1, 2003 and made payable to SBA in the amount of $28,147,079.46. That Secured Note is part of Exhibit 1 and incorporated herein by reference.

13. The Loan Agreement also includes a Stipulated Settlement which provides that findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure are hereby waived. The Stipulated Settlement also

provides that the Defendant waives any right it may have to contest the validity of the Consent Order and Judgment and that the Order may be presented by plaintiff to the Court for signature and entry notice, however, the United States will provide notice of entry to Defendant. The Consent Order and Judgment provides in part, that pursuant to the "provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Sterling/CarlMarks Capital, Inc.("Sterling") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Sterling..." The Order also provides for the entry of judgment against Sterling. The Consent Order and Judgment has been signed by Harvey Granat, President of Sterling/Carl Marks Capital, Inc. Sterling remains subject to SBA's regulations.

14. Paragraph 12 enumerates the Events of Default for the Loan Agreement and provides that if any one or more of the stated Events of Default enumerated in the agreement occur and remain uncured for a period of forty-five (45) days after Licensee shall have received written notice and such default shall have remained uncured, the entire unpaid balance of the principal and interest of the Secured Note and all other obligations and indebtedness of the Licensee to SBA shall become immediately due and payable without the necessity of any demand, presentment, protest or notice upon the Licensee, all of which are expressly waived by

Licensee. As a result of a default SBA may, in its sole discretion, enforce the previously signed Consent to Receivership and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment.

15. Pursuant to 12(e) a material adverse change in the financial condition of Licensee's operations including but not limited to, any material reduction, other than releases for pay-offs or approved Dispositions, in the net worth of the Licensee, defined as assets less liabilities as defined on SBA Form 468 or any act of the Debtor which in the reasonable opinion of SBA imperils the prospect of full performance or satisfaction of the Debtor's Obligations herein. For purposes of this subsection, a material adverse change shall mean that the value of Licensee's assets is $6,000,000 less than the outstanding balance of the Indebtedness, the net worth to be determined semi-annually based on SBA valuation guidelines.

16. By letter dated August 27, 2003, SBA informed Sterling that their audited financial statements dated June 30, 2003 reflected a material adverse change in their financial condition which constituted an Event of Default under paragraph 12(e) of the Loan Agreement. SBA informed Sterling that because of the default, SBA had determined to place Sterling in receivership. SBA also agreed that the Guaranty would be reduced to $1,500,000. By letter dated December 8, 2003, SBA made formal demand for payment of the Guaranty amount because of the default of the Loan

Agreement due to the material adverse change in Sterling's financial condition. Copies of the letters are attached hereto as Exhibit 2.

17. As of January 28, 2004, Sterling was indebted to SBA in the total amount of $26,081,539.19. Interest continues to accrue at the rate of 6%, $4,287.38 per diem. A copy of the SBA Certified Statement of Account as January 28, 2004 is attached hereto as Exhibit 3 and incorporated herein by reference.

## COUNT ONE
### Default of a Loan Agreement

17. Paragraphs 1 through 16, above, are hereby incorporated by reference as though set for in their entirety herein.

18. As described above, Sterling has violated SBA's regulations. As a result, SBA and Sterling entered into a loan agreement and SBA agreed to restructure Sterling's indebtedness to SBA in the form of a secured note.

19. Sterling admits that there is a material adverse in its financial condition which constitutes an event of default and entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Sterling.

## COUNT TWO
### Failure to comply with terms of a written agreement

20. Section 107.1810(f)(7) provides that nonperformance of any terms or conditions of any agreement with SBA will constitute an event of default with an opportunity to cure.

21. As described above, Sterling has defaulted on the loan

agreement with SBA, thereby failing to perform a term and a condition of an agreement with SBA. Sterling has failed to cure this violation. This default constitutes a violation of this regulation which entitles SBA to the requested and agreed upon relief of the appointment of SBA as Receiver of Sterling.

## CONCLUSION

WHEREFORE, PLAINTIFF PRAYS:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Sterling its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursement of defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion any or all funds or assets of the defendant, wherever located; or, (3) violating the Act and the Regulations promulgated thereunder;

B. That this Court determine and adjudicate Sterling's noncompliance with, and violation of the Act, and Regulations promulgated thereunder;

C. That this Court take exclusive jurisdiction of Sterling, and all its assets, wherever located, appoint the SBA as permanent receiver of Sterling for the purpose of liquidating all of defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court,

and pursuing all causes of action available to Sterling against third parties;

D. That this Court direct the entry of an order of judgment against Sterling for the total sum of $26,081,539.19, which consists of the outstanding obligation to SBA as of January 28, 2004, plus interest which accrues at the rate of 6%, $4,287.38 per day to the date of entry of judgment and with interest as allowed by law from the date of entry of judgment.

E. That upon the Receiver's request, this Court revoke Sterling's license to operate as an SBIC.

F.  That this Court grant such other and further relief as may be deemed just and equitable.

Dated:   Brooklyn, New York
         March 4, 2004

>ROSLYNN R. MAUSKOPF
>United States Attorney
>Eastern District of New York
>1 Pierrepont Plaza, 14th Fl.
>Brooklyn, New York 11201
>
>By: _____
>    William Young (WY9160)
>    Special Assistant U.S. Attorney
>    (718) 254-6057
>
>
>United States Small Business Administration
>
>By: _____
>    Arlene P. Messinger (APM1280)
>    Assistant General Counsel for SBIC Enforcement
>    Small Business Administration
>    409 3rd Street, S.W.
>    7th Floor
>    Washington, D.C.  20416
>    (202) 205-6857
>
>
>Attorneys for Plaintiff